**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **GERITA COOK,** | **:** | |
| **CRYSTAL D. DICKENS,** | **:** | |
| **FREDA A. THOMAS and** | **:** | |
| **VALERY TULLOCH,** | **:** | **Civil Action Number:** |
| | **:** | |
| Plaintiffs, | **:** | Jury Trial Demanded |
| | **:** | |
| | **:** | |
| **vs.** | **:** | |
| **OMNITECH INSTITUTE, INC.** | **:** | |
| **and CHARLTON C. LESTER** | **:** | |
| | **:** | |
| Defendants. | **:** | |
| | **:** | |

**COMPLAINT**

Plaintiffs, by and through the undersigned counsel, brings this complaint against

Defendants and plead as follows:

**INTRODUCTION**

1.

Plaintiffs bring this action under the Fair Labor Standards Act of 1938 (as

amended) (29 U.S.C. § 201 et.seq.), herein after "the FLSA." Plaintiffs bring this action

under the FLSA to (1) recover the overtime pay that was denied them, (2) an additional

amount as liquidated damages, and (3) for their costs of litigation, including their

reasonable attorneys' fees.

**JURISDICTION AND VENUE**

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U.S.C §§ 1331 and 1337, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Defendant Omnitech Institute, Inc. is located in this judicial district; and all the events giving rise to the claims herein arose in this judicial district.

**THE PARTIES**

4.

Plaintiffs were, at all times relevant hereto, instructors at the Omnitech Institute.

5.

Omnitech Institute, Inc. is a non-profit corporation organized under the laws of the State of Georgia.

6.

Omnitech Institute, Inc. employed Plaintiffs in the furtherance of its commercial business in and around Georgia.

7.

Charlton C. Lester employed Plaintiffs in the furtherance of Defendants' commercial business in and around Decatur, Georgia.

8.

At all times material hereto, Defendant Omnitech Institute, Inc. has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. §203(d).

9.

For all time relevant hereto, Defendant Omnitech Institute, Inc. has been "engaged in commerce" as defined in 1) FLSA, § 6(a), 29 U.S.C. § 206 (a) and 2) FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

10.

At all times material hereto, Defendant Omnitech Institute, Inc. has been an "enterprise engaged in commerce" as defined in FLSA § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

11.

Defendant Omnitech Institute, Inc. is subject to the personal jurisdiction of this Court.

12.

Defendant Omnitech Institute, Inc. (hereinafter "Omnitech") may be served with process through its registered agent Charlton C. Lester.

13.

Defendant Charlton C. Lester (hereinafter "Defendant Lester") may be served at 4319 Covington Highway in Decatur, Georgia.

14.

At all times material hereto, Defendant Lester has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

15.

Defendant Charlton C. Lester is subject to the personal jurisdiction of this Court.

**FACTUAL BACKGROUND**

16.

Plaintiffs were paid on an hourly basis while employed at Omnitech.

17.

Plaintiffs were not paid for all hours worked in furtherance of Defendant Omnitech's business.

18.

Plaintiffs were not paid for all time spent conducting mandatory tutoring sessions in furtherance of Defendant Omnitech's business.

19.

Plaintiffs were not paid for all time spent attending mandatory staff meetings in furtherance of Defendant Omnitech's business.

20.

Plaintiffs were not paid for time spent at home on lesson planning and preparing to teach students in furtherance of Defendant Omnitech's business.

21.

Defendant Omnitech sporadically and arbitrarily reduced Plaintiff's hourly rate of pay depending on student attendance.

22.

While employed at Omnitech, Plaintiffs were not paid an overtime premium for all hours worked above forty in a given seven day period.

23.

At all times relevant hereto, Plaintiffs did not qualify for an exemption from the payment of overtime premiums pursuant to the Fair Labor Standards Act.

*Claims of Gerita Cook*

24.

From on or about 2/18/2009 until 11/24/2010, Plaintiff Gerita Cook was an "employee" as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

25.

From on or about 2/18/2009 until 11/24/2010 Plaintiff Gerita Cook has been "engaged in commerce" as defined in 1) (FLSA, § 6(a), 29 U.S.C. § 206 (a) and 2) FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

26.

During her employment with Defendants, Plaintiff Cook was wrongfully classified as exempt from the payment of overtime.

## COUNT I — FAILURE TO PAY OVERTIME
## AGAINST ALL DEFENDANTS

27.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

28.

At all times material hereto, Gerita Cook has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

29.

During Plaintiff's employment with Defendants, Gerita Cook regularly worked in excess of forty (40) hours each week.

30.

Defendants failed to pay Gerita Cook at one and one half times Plaintiff's regular rate for work in excess of forty (40) hours in any week from 2/18/2009 until 11/24/2010.

31.

Defendants have willfully failed to pay Gerita Cook at one and one half times Plaintiff's regular rate for work in excess of forty (40) hours in any week from 2/18/2009 until 11/24/2010.

32.

Plaintiff Cook is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

33.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff Cook is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

34.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff Cook is entitled to Plaintiff's litigation costs, including reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II – BREACH OF CONTRACT AGAINST DEFENDANT OMNITECH

35.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

36.

Plaintiff and Defendant Omnitech were parties to a contract wherein Plaintiff Cook was to develop a curriculum for certified nursing assistants.

37.

The contract provided that Defendant would pay Plaintiff for work that was performed by Plaintiff on behalf of and for the benefit of Defendant.

38.

Defendant used and continues to use and benefit from the work done by Plaintiff Cook in developing this curriculum.

39.

Defendant's failure to pay Plaintiff Cook for her efforts constitutes a material breach of the Contract.

40.

As the direct and foreseeable result of this breach, Plaintiff has sustained damages in an amount to be proved at trial.

## COUNT III – QUANTUM MERUIT
## AGAINST DEFENDANT OMNITECH INSTITUTE, INC.

41.

The allegations contained in the paragraphs above are incorporated by reference as if fully set out in this paragraph.

42.

From on or about 2/18/2009 until 11/24/2010, Plaintiff Gerita Cook served as a laborer in furtherance of Defendant's business interests.

43.

Plaintiff's service as a laborer in furtherance of Defendant's business interests was valuable to Defendant.

44.

Plaintiff Cook expected to be compensated at the time she provided Plaintiff's services to Defendant.

45.

Defendant requested Plaintiff's services as a laborer in furtherance of Defendant's business interests.

46.

Defendant knowingly accepted Plaintiff's services as a laborer in furtherance of Defendant's business interest.

47.

The receipt of Plaintiff's services as a laborer in the furtherance of Defendant's business interests without compensation would be unjust.

48.

Plaintiff Cook is entitled to a recover from Defendant the reasonable value of the services he provided in the furtherance of Defendant's business interest in an amount to be determined at trial.

**COUNT IV – UNJUST ENRICHMENT AGAINST DEFENDANT OMNITECH INSTITUTE, INC.**

49.

The allegations contained in the paragraphs above are incorporated by reference as if fully set out in this paragraph.

50.

During her employment, Plaintiff Gerita Cook provided services to Omnitech for which she was not compensated.

51.

Defendant knowingly accepted Plaintiff's services without compensating Plaintiff.

52.

Defendant Omnitech has been unjustly enriched by the value of Plaintiff's uncompensated services and is liable to Plaintiff for same.

### *Claims of Crystal Dickens*

53.

From on or about 1/5/2008 until 7/1/2010, Plaintiff Crystal Dickens was an "employee" as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

54.

From on or about 1/5/2008 until 7/1/2010 Plaintiff Crystal Dickens has been "engaged in commerce" as defined in 1) (FLSA, § 6(a), 29 U.S.C. § 206 (a) and 2) FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

55.

During her employment with Defendants, Plaintiff Dickens was wrongfully classified as exempt from the payment of overtime.

## COUNT I — FAILURE TO PAY OVERTIME
## AGAINST ALL DEFENDANTS

56.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

57.

At all times material hereto, Crystal Dickens has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

58.

During Plaintiff's employment with Defendants, Crystal Dickens regularly worked in excess of forty (40) hours each week.

59.

Defendants failed to pay Crystal Dickens at one and one half times Plaintiff's regular rate for work in excess of forty (40) hours in any week from 1/5/2008 until 7/1/2010.

60.

Defendants have willfully failed to pay Crystal Dickens at one and one half times Plaintiff's regular rate for work in excess of forty (40) hours in any week from 1/5/2008 until 7/1/2010.

61.

Plaintiff Dickens is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

62.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff Dickens is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

63.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff Dickens is entitled to Plaintiff's litigation costs, including reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**COUNT II – QUANTUM MERUIT**
**AGAINST DEFENDANT OMNITECH INSTITUTE, INC.**

64.

The allegations contained in the paragraphs above are incorporated by reference as if fully set out in this paragraph.

65.

From on or about 1/5/2008 until 7/1/2010, Plaintiff Crystal Dickens served as a laborer in furtherance of Defendant's business interests.

66.

Plaintiff's service as a laborer in furtherance of Defendant's business interests was valuable to Defendant.

67.

Plaintiff Dickens expected to be compensated at the time she provided Plaintiff's services to Defendant.

68.

Defendant requested Plaintiff's services as a laborer in furtherance of Defendant's business interests.

69.

Defendant knowingly accepted Plaintiff's services as a laborer in furtherance of Defendant's business interest.

70.

The receipt of Plaintiff's services as a laborer in the furtherance of Defendant's business interests without compensation would be unjust.

71.

Plaintiff Dickens is entitled to a recover from Defendant the reasonable value of the services he provided in the furtherance of Defendant's business interest in an amount to be determined at trial.

**COUNT III – UNJUST ENRICHMENT AGAINST DEFENDANT OMNITECH
INSTITUTE, INC.**

72.

The allegations contained in the paragraphs above are incorporated by reference as
if fully set out in this paragraph.

73.

During her employment, Plaintiff Crystal Dickens provided services to Omnitech
for which she was not compensated.

74.

Defendant knowingly accepted Plaintiff's services without compensating Plaintiff.

75.

Defendant Omnitech has been unjustly enriched by the value of Plaintiff's
uncompensated services and is liable to Plaintiff for same.

***Claims of Freda Thomas***

76.

From on or about 2/20/2009 until 11/4/2010, Plaintiff Freda Thomas was an
"employee" as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

77.

From on or about 2/20/2009 until 11/4/2010 Plaintiff Freda Thomas has been "engaged in commerce" as defined in 1) (FLSA, § 6(a), 29 U.S.C. § 206 (a) and 2) FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

78.

During her employment with Defendants, Plaintiff Thomas was wrongfully classified as exempt from the payment of overtime.

## COUNT I — FAILURE TO PAY OVERTIME AGAINST ALL DEFENDANTS

79.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

80.

At all times material hereto, Freda Thomas has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

81.

During Plaintiff's employment with Defendants, Freda Thomas regularly worked in excess of forty (40) hours each week.

82.

Defendants failed to pay Freda Thomas at one and one half times Plaintiff's regular rate for work in excess of forty (40) hours in any week from 2/20/2009 until 11/4/2010.

83.

Defendants have willfully failed to pay Freda Thomas at one and one half times Plaintiff's regular rate for work in excess of forty (40) hours in any week from 2/20/2009 until 11/4/2010.

84.

Plaintiff Thomas is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

85.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff Thomas is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

86.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff Thomas is entitled to Plaintiff's litigation costs, including reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II – QUANTUM MERUIT
## AGAINST DEFENDANT OMNITECH INSTITUTE, INC.

### 87.

The allegations contained in the paragraphs above are incorporated by reference as if fully set out in this paragraph.

### 88.

From on or about 2/20/2009 until 11/4/2010, Plaintiff Freda Thomas served as a laborer in furtherance of Defendant's business interests.

### 89.

Plaintiff's service as a laborer in furtherance of Defendant's business interests was valuable to Defendant.

### 90.

Plaintiff Thomas expected to be compensated at the time she provided Plaintiff's services to Defendant.

### 91.

Defendant requested Plaintiff's services as a laborer in furtherance of Defendant's business interests.

### 92.

Defendant knowingly accepted Plaintiff's services as a laborer in furtherance of Defendant's business interest.

93.

The receipt of Plaintiff's services as a laborer in the furtherance of Defendant's business interests without compensation would be unjust.

94.

Plaintiff Thomas is entitled to a recover from Defendant the reasonable value of the services he provided in the furtherance of Defendant's business interest in an amount to be determined at trial.

## COUNT III – UNJUST ENRICHMENT AGAINST DEFENDANT OMNITECH INSTITUTE, INC.

95.

The allegations contained in the paragraphs above are incorporated by reference as if fully set out in this paragraph.

96.

During her employment, Plaintiff Freda Thomas provided services to Omnitech for which she was not compensated.

97.

Defendant knowingly accepted Plaintiff's services without compensating Plaintiff.

98.

Defendant Omnitech has been unjustly enriched by the value of Plaintiff's uncompensated services and is liable to Plaintiff for same.

*Claims of Valery Tulloch*

99.

From on or about 8/15/2010 until 3/14/2011, Plaintiff Valery Tulloch was an "employee" as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

100.

From on or about 8/15/2010 until 3/14/2011 Plaintiff Valery Tulloch has been "engaged in commerce" as defined in 1) (FLSA, § 6(a), 29 U.S.C. § 206 (a) and 2) FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

101.

During her employment with Defendants, Plaintiff Tulloch was wrongfully classified as exempt from the payment of overtime.

## COUNT I — FAILURE TO PAY OVERTIME
## AGAINST ALL DEFENDANTS

102.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

103.

At all times material hereto, Valery Tulloch has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

104.

During Plaintiff's employment with Defendants, Valery Tulloch regularly worked in excess of forty (40) hours each week.

105.

Defendants failed to pay Valery Tulloch at one and one half times Plaintiff's regular rate for work in excess of forty (40) hours in any week from 8/15/2010 until 3/14/2011.

106.

Defendants have willfully failed to pay Valery Tulloch at one and one half times Plaintiff's regular rate for work in excess of forty (40) hours in any week from 8/15/2010 until 3/14/2011.

107.

Plaintiff Tulloch is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

108.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff Tulloch is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

109.

As a result of the underpayment of overtime compensation as alleged above,

Plaintiff Tulloch is entitled to Plaintiff's litigation costs, including reasonable attorney's

fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II – QUANTUM MERUIT
## AGAINST DEFENDANT OMNITECH INSTITUTE, INC.

110.

The allegations contained in the paragraphs above are incorporated by reference as

if fully set out in this paragraph.

111.

From on or about 8/15/2010 until 3/14/2011, Plaintiff Valery Tulloch served as a

laborer in furtherance of Defendant's business interests.

112.

Plaintiff's service as a laborer in furtherance of Defendant's business interests was

valuable to Defendant.

113.

Plaintiff Tulloch expected to be compensated at the time she provided Plaintiff's

services to Defendant.

114.

Defendant requested Plaintiff's services as a laborer in furtherance of Defendant's business interests.

115.

Defendant knowingly accepted Plaintiff's services as a laborer in furtherance of Defendant's business interest.

116.

The receipt of Plaintiff's services as a laborer in the furtherance of Defendant's business interests without compensation would be unjust.

117.

Plaintiff Tulloch is entitled to a recover from Defendant the reasonable value of the services he provided in the furtherance of Defendant's business interest in an amount to be determined at trial.

**COUNT III – UNJUST ENRICHMENT AGAINST DEFENDANT OMNITECH INSTITUTE, INC.**

118.

The allegations contained in the paragraphs above are incorporated by reference as if fully set out in this paragraph.

119.

During her employment, Plaintiff Valery Tulloch provided services to Omnitech for which she was not compensated.

120.

Defendant knowingly accepted Plaintiff's services without compensating Plaintiff.

121.

Defendant Omnitech has been unjustly enriched by the value of Plaintiff's uncompensated services and is liable to Plaintiff for same.


WHEREFORE, Plaintiffs respectfully pray:

1. That Plaintiffs' claims be tried before a jury;

2. That Plaintiffs be awarded an amount to be determined at trial against Defendants in unpaid minimum wage due under the FLSA, plus an additional like amount in liquidated damages;

3. That Plaintiffs be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

6. That Plaintiffs have and recover judgment against Defendant Omnitech Institute, Inc. for the pendent state claims herein asserted in amounts to be proved at trial.

7. That Plaintiffs be awarded costs of litigation, including their reasonable attorneys' fees from Defendants under the FLSA and O.C.G.A. § 13-6-11; and

8. For such other and further relief as the Court deems just and proper.

**Certificate of Compliance**:  The font type (New Century School book, 13 point) and format of this document complies with ND Georgia, LR 5.1 (B)

/S/ KEVIN D. FITZPATRICK, JR.                 /S/CHARLES R. BRIDGERS
KEVIN D. FITZPATRICK, JR.                     CHARLES R. BRIDGERS
GA. BAR NO. 262375                            GA. BAR NO. 080791
3100 CENTENNIAL TOWER                         3100 CENTENNIAL TOWER
101 MARIETTA STREET                           101 MARIETTA STREET
ATLANTA, GEORGIA 30303                        Atlanta, Georgia 30303
(404) 979-3171                                (404) 979-3150
(404) 979-3170 (f)                            (404) 979-3170 (f)
kevin.fitzpatrick@dcbflegal.com               charlesbridgers@dcbflegal.com

COUNSEL FOR PLAINTIFFS                         COUNSEL FOR PLAINTIFFS